UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| NATHAN LEBRON ODUM, JR., | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:24-CV-335-KAC-CHS ) |
| STATE OF TENNESSEE, | ) ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

Petitioner, an inmate of the Riverbend Maximum Security Institution, filed a pro se petition for habeas corpus relief under 28 U.S.C. § 2254 [Doc. 1] that was subsequently transferred to this Court [*See* Doc. 4]. On October 29, 2024, this Court entered an order (1) notifying Petitioner that he had not submitted the documents required to proceed in forma pauperis, (2) giving him thirty (30) days to either pay the filing fee or submit the necessary in forma pauperis documents (which the Court sent to him), and (3) warning him that failure to timely comply with that order would result in the dismissal of this action for want of prosecution without further notice [*See* Doc. 7 at 1-2]. More than four (4) months have passed, and Petitioner has not complied with the Court's October 29 Order or otherwise communicated with the Court.

"[T]o the extent that they are not inconsistent with any statutory provisions" or the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure apply here. *See Rules Governing Section 2254 Cases in the United States District Courts*, Rule 12. Under Rule 41(b), the Court may dismiss an action where a plaintiff fails "to prosecute or to comply with these rules or a court order[.]" *See* Fed. R. Civ. P. 41(b); *see also Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citation omitted) (noting that Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to . . . comply with the Rules or

any order of the court"). When considering dismissal of an action under Rule 41(b), a court must assess:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered [before dismissal].

*Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277 (6th Cir. 2023) (citing *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

These factors compel the Court to dismiss Petitioner's action here. Petitioner has willfully failed to comply with the Court's October 29 Order. Despite the Court's express warning that a failure to comply would result in dismissal of this action "without further notice, [*see* Doc. 7 at 2], Plaintiff has failed to comply. The Court considered less drastic sanctions, but they are not warranted because Plaintiff failed to comply with the Court's unambiguous instructions and has had over four (4) months to do so. A "*pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training," but "there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's Order. Accordingly, the Court **DISMISSES** this action under Rule 41(b).

The Court must now consider whether to issue a certificate of appealability ("COA"), in the event that Petitioner should file a notice of appeal. 28 U.S.C. § 2253(c)(1). Generally, a COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which a petitioner may do by showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). More applicable here, to obtain a COA on a

2

Case 1:24-cv-00335-KAC-CHS   Document 8   Filed 04/01/25   Page 2 of 3   PageID #: 6

claim that is denied on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* A jurist of reason would not debate the Court's conclusion that this action should be dismissed under Rule 41(b) based on Petitioner's failure to prosecute this action and comply with the Court's order. Therefore, a certificate of appealability **SHALL NOT ISSUE**.

The Court also **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24(a). Therefore, should plaintiff file a notice of appeal, he is denied leave to proceed in forma pauperis.

**SO ORDERED. AN APPROPRIATE JUDGMENT ORDER SHALL ENTER.**

/s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge